ALVAREZ, DEMANDANTE Y APELANTE, *v.* SUÁREZ ET AL.,
DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección Segunda, en pleito sobre ineficacia de mejora.

No. 2463.—Resuelto en marzo 7, 1922.

Resuelto en reconsideración en marzo 23, 1922.

MEJORA CONDICIONAL—PRUEBA DEL INCUMPLIMIENTO DE LA CONDICIÓN.—En el presente caso el testador mejoró, a condición de que a su muerte viviese y morase en su casa solariega, a cualquiera de los tres hijos que nombró, los que, previo mutuo acuerdo o por sorteo, deberían hacer la designación del favorecido. *Se resolvió:* que el residir en la casa solariega es la condición esencial de la mejora siendo simplemente un accidente de ella la celebración del acuerdo o sorteo para designar el favorecido; por lo que, probada por una heredera no mejorada el incumplimiento de la condición, la demanda en que se pide la declaración de ineficacia de la mejora debe prosperar aun en ausencia de prueba para sostener la alegación de que el previo acuerdo o sorteo no se llevó a cabo.

INEFICACIA DE LA MEJORA.—Cuando el mejorado condicionalmente no cumple con la condición dentro de un plazo razonable según las circunstancias del caso, contado desde que tuvo conocimiento de la condición y de la muerte del testador, la mejora debe reputarse ineficaz.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. L. Méndez Vaz.*

Abogados de los apelados: *Sres. C. Coll Cuchí* y *G. Cruzado Silva.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Don Juan Suárez Rodríguez murió el 2 de junio de 1902 en el lugar de Puñil, provincia de Asturias, España, con testamento que había otorgado en 1893 en el que instituyó por herederos a sus hijos y a dos nietas en representación de una hija fallecida, y en él hizo la siguiente mejora:

"Es la voluntad del otorgante el mejorar como mejora en el tercio de todos sus bienes y derechos, y en el otro tercio de los mismos bienes de libre disposición, a los referidos sus hijos don Marcial, don Cándido y don Herminio Suárez, cuya mejora recaerá en cualquiera de los tres mejorados, que viva y more en su casa nativa del lugar de Puñil, sobre que se pondrán de acuerdo los mismos tres

hermanos varones, y en otro caso lo decidirá la suerte, aplicándose en propiedad el total de la mejora al que sea favorecido o elegido en su caso, y en usufructo sus terceras partes respectivas a los que resultaren excluídos de tal mejora, con cargo al agraciado con la suerte o elección de dotar a sus hermanas doña Tarsila y doña Serena con igual cantidad a la llevada en dote por las restantes hermanas doña Aurora y doña Justa, sea que aquéllas contraigan matrimonio, sea para permanecer solteras en compañía del mejorado, o en distinto lugar y domicilio.''

Cándido Suárez, uno de los mencionados en la mejora, murió en estado de soltería antes que su padre.

En 1919 Paz Alvarez Suárez, una de las nietas instituída heredera, presentó demanda jurada en la Corte de Distrito de San Juan, Sección Primera, exponiendo esos hechos y además los siguientes:

''Quinto: Afirma igualmente la demandante que, desde el fallecimiento del testador don Juan Suárez y Rodríguez hasta la fecha, sus hijos don Marcial y don Herminio Suárez, no han hecho aún, de acuerdo, la designación del que ha de ser el agraciado con la mejora a que se refiere el hecho III, ni tampoco se ha hecho ésta designación por la suerte.

''Sexto: Afirma asimismo la demandante que, desde el fallecimiento del testador a la fecha, ni don Marcial ni don Herminio Suárez y Suárez se han trasladado a *vivir y morar* a la casa solariega del lugar de Puñil, residiendo don Marcial permanentemente en esta Isla y también don Herminio hasta recientemente que se trasladó a vivir a San Pedro de Macorís, República Dominicana.

''Séptimo: Afirma de igual modo la demandante que, ni don Marcial ni don Herminio Suárez han constituído hasta la fecha a favor de sus hermanas doña Tarsila y doña Serena Suárez, la dote ordenada por el testador al constituir la mejora ameritada.''

Alegando también que los bienes hereditarios radican en su mayor parte en esta Isla concluyó pidiendo a la corte dictase sentencia declarando que la mejora constituída por Juan Suárez Rodríguez en su testamento a favor de sus hijos Marcial, Cándido y Herminio Suárez ha quedado ineficaz por las razones expuestas; y que los bienes que constituyen la me-

jora deben distribuirse por partes iguales entre todos los herederos del testador, condenando a los demandados al pago de las costas, etc.

Los demandados en su contestación jurada a la demanda alegaron que ésta no aduce hechos determinantes de causa de acción; negaron todos y cada uno de los hechos en la forma que han sido alegados en la demanda, y específicamente alegaron el otorgamiento del testamento de Juan Suárez Rodríguez; la fecha de su muerte; la mejora que hizo a favor de sus hijos Cándido, Marcial y Herminio Suárez; la muerte del primero de éstos en la misma fecha que la demanda dice, y con respecto a las tres alegaciones que hemos copiado de la demanda dijeron lo siguiente:

"VII. Que los demandados niegan el hecho quinto de la demanda y alegan que de acuerdo con la cláusula de mejora anteriormente citada los hijos de don Juan Suárez Rodríguez, don Marcial, y don Herminio Suárez, de común acuerdo y exclusivamente dentro de las condiciones del precitado testamento hicieron el sorteo de la mejora a que se refiere, habiendo sido agraciado el demandado Marcial Suárez.

"VIII. Que los demandados alegan que si bien es verdad que residen en la actualidad en Puerto Rico, su residencia es temporal y en tanto estén en condiciones de regresar a su casa solariega de Puñil, siendo la intención del demandado don Marcial Suárez residir permanentemente en dicho sitio de Puñil, donde el dicho demandado ha reedificado la casa solariega, de acuerdo y con la cooperación de don Herminio Suárez, siendo su intención residir permanentemente en dicho lugar de Puñil.

"IX. Que los demandados niegan el hecho séptimo de la demanda."

Y después de haber negado el hecho referente a que la mayor parte de los bienes radiquen en esta Isla, concluyeron pidiendo a la corte que declarase sin lugar la demanda.

En el curso del pleito murió el demandado Herminio Suárez, quien fué sustituído por sus herederos.

La prueba presentada en el juicio en cuanto a lo relativo

a la mejora consistió únicamente en evidencia testifical demostrativa de que Marcial Suárez ha vivido y vive en esta Isla desde antes de la muerte de su padre, lo mismo que Herminio Suárez, quien últimamente se trasladó a Santo Domingo, habiendo muerto en Madrid, España.

No habiendo presentado prueba alguna los demandados y entendiendo la corte inferior que incumbiendo a la demandante la prueba de las alegaciones de su demanda no había presentado evidencia de ninguna clase para probar que no se había hecho por acuerdo o por suerte la designación del heredero que debía ser agraciado con la mejora, pronunció sentencia declarándola sin lugar.

Aunque los tres motivos de error alegados por la demandante en este recurso de apelación que ha establecido contra la sentencia dictada en su contra tienen por objeto demostrar que a los demandados correspondía probar que habían sido cumplidas las condiciones impuestas por Juan Suárez Rodríguez en la mejora que hizo en su testamento y que ella no tenía que probar la negativa, sin embargo, podemos prescindir de esta cuestión porque los autos demuestran que la demandante probó su demanda, según veremos.

Los términos en que está redactada la cláusula del testamento que contiene la mejora demuestran por sí mismos que el testador la ordenó con el fin de que a su muerte viviese y morase en su casa de Puñil cualquiera de los tres hijos que nombra, siéndole indiferente que fuera uno u otro pues dispuso que la designación del favorecido pudieran hacerla ellos por acuerdo o por sorteo. Ese fin de la mejora no ha sido cumplido a pesar de haber transcurrido diez y siete años desde la muerte del testador hasta la presentación de la demanda, hecho que la demandante ha probado con los testigos que presentó, por lo que no puede sostenerse que no ha probado la alegación esencial de la demanda, o sea, el incumplimiento de la condición impuesta por el testador para la existencia de la mejora, esto es, que uno de dichos hijos viviese

y morase en la expresada casa.    Es cierto que la demandante
no presentó prueba respecto a no haber sido designado por
acuerdo o por sorteo el heredero que debía ser agraciado
con la mejora pero, como hemos dicho, el acuerdo o el sorteo
no es la condición o causa de la mejora sino un accidente de
ella, a tal punto que aunque hubiera sido hecha tal designa-
ción sería de todos modos ineficaz la mejora por no vivir y
morar el designado en la casa de Puñil.    Lo mismo podemos
decir de lo referente a la falta de constituir la dote a favor
de las hermanas Tarsila y Serena Suárez porque aunque la
dote se haya constituído la mejora no puede subsistir habién-
dose probado que ninguno de los demandados reside y mora
en la casa de Puñil.

Dispone el artículo 783 del Código Civil que la condición
puramente potestativa impuesta al heredero o legatario ha
de ser cumplida por éstos, una vez enterados de ella, después
de la muerte del testador.    Así, pues, mientras no conste que
el heredero o legatario está enterado de la condición que le
ha impuesto el testador no puede decirse que ha dejado de
cumplirla y que por esto sea ineficaz la mejora hecha en este
caso; y como en la demanda no se alega que los demandados
estuvieran enterados de la mejora condicional potestativa
hecha a su favor, hemos dudado si habiendo los demandados
alegado contra la demanda la excepción de que no aduce he-
chos determinantes de causa de acción deberíamos declarar
con lugar dicha excepción con permiso para enmendar la de-
manda, pero en vista de que las alegaciones de la contesta-
ción demuestran que los demandados estaban enterados de
la mejora condicional del testamento puesto que según alegan
hicieron el sorteo y tenía el favorecido Marcial Suárez la in-
tención de ir a vivir a Puñil, preferimos, en evitación de de-
mora para los litigantes, resolver la cuestión en su fondo.

Como la ley se limita a declarar que la condición debe
ser cumplida una vez que el heredero o legatario esté ente-
rado de ella y haya muerto el testador, sin fijar plazo para

el cumplimiento de la condición, entendemos que debe ser cumplida dentro de un plazo razonable, según las circunstancias de cada caso, contado desde que estuvo enterado de la condición y que tratándose de una mejora, que fué hecha en favor de herederos hijos del testador, los favorecidos con ella debieron tener conocimiento de ella a raíz de la muerte del testador, por lo que el transcurso de diez y siete años hasta la fecha de la demanda no puede considerarse como plazo razonable. Pero aunque no estuviéramos justificados en suponer conocimiento de la mejora en los demandados desde la muerte de su padre, sin embargo, siempre resultaría que quedaron enterados de la mejora hecha a su favor, por lo menos desde el 21 de febrero de 1919, fecha de la demanda enmendada jurada, pues no conocemos la de la primitiva demanda, y que habiendo presentado su contestación enmendada en abril de 1920 el término entre una y otra es más que razonable para que hubieran cumplido la condición impuesta por el testador.

Por consiguiente, como el deseo y voluntad del testador de que uno de sus tres hijos mencionados en la mejora que hizo viviese y morase en su casa de Puñil no ha sido cumplido por ellos debe ser declarada ineficaz dicha mejora y por tanto el importe de la misma debe ser distribuído entre sus herederos.

La sentencia apelada debe ser revocada.

*Revocada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Hutchison.

RESOLUCIÓN SOBRE RECONSIDERACIÓN, DE MARZO 23, 1922.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Se nos pide que reconsideremos nuestra sentencia para que permaneciendo revocada la de la corte inferior decrete-

mos la concesión de un nuevo juicio en vez de pronunciar nosotros la sentencia definitiva.

Los motivos que se alegan para esa petición son: que disponiendo la mejora testamentaria que es objeto del pleito que cualquiera de los tres hermanos mejorados designado por ellos mediante acuerdo o por sorteo tenía que vivir y morar en Puñil y constituir una dote a favor de ciertas hermanas, la demandante, que solicita que se declare ineficaz la mejora, hace sus alegaciones de tal manera que plantea la contienda con la afirmativa de que el cumplimiento de una cualquiera de las tres condiciones de la mejora produce necesariamente su eficacia; y que habiendo la corte inferior dictado sentencia bajo la teoría de que había de probarse el incumplimiento de las tres condiciones para que se declarase ineficaz la mejora, nosotros la hemos variado declarando que era bastante probar, como se probó, que ninguno de los mejorados vivía y moraba en Puñil, por ser esta la condición fundamental de la mejora y accidentales las otras dos.

Está equivocada la peticionaria en cuanto al primer motivo aducido para pedirnos la reconsideración de la sentencia pues la demandante no plantea el problema jurídico en la forma que dice, pues se limitó a consignar en su demanda que los demandados no habían cumplido con lo dispuesto por la mejora en ninguno de sus tres particulares, sin que la lectura de aquélla pueda llevar a la conclusión que se indica.

En cuanto a que hemos variado la teoría de la corte inferior, cierto es que nosotros hemos interpretado la mejora en discusión de distinta manera que la corte inferior pero esto no es motivo bastante para que dejemos de pronunciar la sentencia que ella debió dictar y para que concedamos un nuevo juicio, cuyo solo alcance sería, en caso de que los demandados probaran las alegaciones de su contestación, decidir si después de diez y siete años la sola intención de vivir en Puñil el heredero mejorado superviviente es cumplimiento de la voluntad del testador de que, muerto él, allí viviera y

morase, cuestión que dados los hechos ocurridos parece carecer de importancia en este caso.

La moción de reconsideración debe ser negada.

*Denegada la reconsideración.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Hutchison.